RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE _____

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. ACTION NO. 10-00158 |
| VERSUS | JUDGE ROBERT G. JAMES |
| ALFONCE MCCLAIN | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Pending before the Court is Defendant Alfonce McClain's ("McClain") Motion for Reconsideration of Sentence and Application of Jail Credits [Doc. No. 22]. McClain moves the Court for two types of relief: (1) a reduction in the term of imprisonment imposed at his supervised release revocation hearing on September 12, 2011; and (2) an award of credit for time spent in federal custody.

First, to the extent that McClain moves the Court to reconsider the term of imprisonment imposed on September 11, 2011, the Court lacks jurisdiction to consider his motion, and it must be denied. *See United States v. Jackson*, 379 Fed. App'x. 371, 373-74 (5th Cir. 2010) (citing *United States v. Early*, 27 f.3d 140, 141-42 (5th Cir. 1994)).

Second, to the extent that McClain moves the Court to award credit for time served in federal custody, it was the intent of the Court that he receive credit for all time served in federal custody, including that time period between his initial appearance on or about August 2, 2011, and his return to state authorities on or about September 13, 2011. Nevertheless, the Court cannot grant McClain the relief requested. Pursuant to 18 U.S.C. § 3585(b), the Attorney General, through the BOP, is charged with calculating a defendant's credit for any time served in federal custody prior to sentencing. If a defendant wishes to challenge this calculation, he must

first exhaust his available administrative remedies through the BOP before litigating in federal court. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). Then the defendant may seek review in federal court by filing a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in the district in which he is incarcerated. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) ("A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated."). In this case, McClain has made no showing that he has exhausted his remedies through the BOP. Accordingly,

IT IS ORDERED that McClain's Motion for Reconsideration of Sentence and Application of Jail Credits [Doc. No. 22] is DENIED IN PART for lack of jurisdiction and DENIED AND DISMISSED WITHOUT PREJUDICE IN PART for failure to exhaust administrative remedies.

MONROE, LOUISIANA, this 12 day of September, 2012.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE